UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DANIEL M. BROUCEK,           )<br>                                                    )<br>             Petitioner,            )<br>     vs.                                      )             2:10-cv-00030-WTL-JMS<br>                                                    )<br>ERIC HOLDER, Attorney General, et al.,  )<br>                                                    )<br>             Respondents.          )  | |

## Entry Concerning Selected Matters

**I.**

There is one and only one means by which to commence a civil action in federal court. That means is through the filing of a complaint. *Farzana K. v. Indiana Dept. of Educ.*, 473 F.3d 703, 706 (7th Cir. 2007) ("Litigation in federal court commences with the filing of the complaint, see Fed. R. Civ. P. 3 . . . .").

**II.**

The complaint of Daniel Broucek partakes of the dual nature of an action for mandamus relief and an action pursuant to Administrative Procedures Act, 5 U.S.C. § 706, *et seq.* ("APA"). Because Broucek is a prisoner as defined by 28 U.S.C. § 1915(h), his complaint has been screened as required by 28 U.S.C. § 1915A(b). *Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). This statute requires that any complaint submitted by a prisoner, or any claim within such a complaint, be dismissed if the complaint is frivolous or fails to state a claim upon which relief can be granted. *Id.* A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.,* 745 F .2d 1101, 1106 (7th Cir. 1984)). In making this assessment, It must be recognized that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even pro se litigants are masters of their own complaints and may choose who to sue-or not to sue." *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005).

### III.

#### A.

Writs of mandamus are authorized by 28 U.S.C. § 1361, which grants district courts jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

The mandamus portion of Broucek's complaint is dismissed pursuant to § 1915A(b) because the complaint fails to contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under such a theory. In particular, the complaint fails to identify a clear right to the relief sought and fails to allege that no other adequate remedy is available–each of these being necessary elements to support a viable claim for mandamus relief. *Iddir v. I.N.S.,* 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh,* 891 F.2d 640, 648 (7th Cir. 1989)).

The effect of the foregoing ruling is to terminate the action against all defendants other than the Federal Bureau of Prisons.

#### B.

Broucek also sues the Federal Bureau of Prisons under the APA. The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. The APA permits a district court to "hold unlawful and set aside" an agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

In an earlier action brought by Broucek, *Broucek v. Federal Bureau of Prisons*, 2:08-cv-390-LJM-JMS (S.D.Ind. October 6, 2009), the court concluded that in the circumstances he presented he was not entitled to relief pursuant to the APA. He shall have **through March 12, 2010,** in which to show cause why the APA claim in the present action is not foreclosed by the resolution of the earlier litigation just mentioned.

### IV.

No partial final judgment shall issue as to the dismissal of the claim for mandamus relief in Part III.A. of this Entry. If the plaintiff proceeds as directed in Part III.B. of this Entry, the court will complete the screening required by 28 U.S.C. § 1915A(b),

**IT IS SO ORDERED.**

Date: 02/19/2010

*William T. Lawrence*
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Daniel Broucek
# 11864-040
Terre Haute - FCI
P.O. Box 33
Terre Haute, IN 47808