## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DANIEL M. BROUCEK, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) | 2:10-cv-030-WTL-TAB |
| BUREAU OF PRISONS, | ) ) ) | |
| Defendant. | ) ) | |

## Entry Discussing Motion to Dismiss

For the reasons explained in this entry, the defendant's motion to dismiss this action as moot must be **granted.**

## Discussion

Daniel Broucek, a federal prisoner, filed this lawsuit to compel the Bureau of Prisons ("BOP") to redetermine his eligibility for transfer to a Residential Reentry Center ("RRC") more than 180 days before the date of his anticipated release. Such placement is authorized pursuant to the Second Chance Act of 2007, which provides that the BOP "shall, to the extent possible, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford the prisoner a reasonable opportunity to adjust and prepare for the reentry of that prisoner into the community." *See* 18 U.S.C. § 3624(c) (2008).

In March 2009, the BOP determined that a 180-day RRC placement for Broucek was appropriate based on the criteria set forth by the Second Chance Act. Broucek challenges this determination, but on August 12, 2010, Broucek was transferred to an RRC in Michigan.

If "an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the [case] must be dismissed." *Church of Scientology of California v. United States,* 506 U.S. 9, 12 (1992). This rule dictates the outcome required here. Broucek's transfer to a RRC renders his claim moot because this court can no longer grant him "any effectual relief whatever." *See Erie v. Pap's A.M.,* 529 U.S. 277, 287 (2000)("A case is moot when issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.")(internal citations omitted); *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009)(citing cases); *Diaz v. Duckworth*, 143 F.3d 345, 347 (7th Cir. 1998).

A court lacks jurisdiction over a claim which is moot, *Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L.,* 89 F.3d 464, 467 (7th Cir. 1996), *cert. denied,* 117 S. Ct. 1556 (1997). When it is determined that a court lacks jurisdiction, its only course of action is to announce that fact and dismiss the case. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The BOP's motion to dismiss (dkt 23) is **granted.**[1] Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 10/25/2010

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

---

[1] In response to the motion to dismiss, Broucek asks the court to require the defendant to file the administrative record. This request is **denied** as unnecessary.